IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DANIEL FLODIN,

                                             OPINION and ORDER

               Plaintiff,

                                             13-cv-853-bbc

    v.

UNITED STATES OF AMERICA,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff Daniel Flodin is suing the government under the Federal Tort Claims Act for negligently failing to prevent his father from falling while at a medical clinic for veterans. Trial is scheduled for March 8, 2016.

       On February 8, 2016, the government filed a motion for judgment on the pleadings on the ground that plaintiff did not comply with the three-year statute of limitations in Wis. Stat. § 893.54. Dkt. #56. Although the events relevant to this case occurred in April and June 2010, plaintiff did not file this lawsuit until December 2013. In response, plaintiff does not deny that his lawsuit is untimely under § 893.54. Instead, he argues that the government waived a limitations defense by waiting until one month before trial to assert the defense. In addition, plaintiff says that § 893.54 is preempted by the Federal Tort Claims Act.

       Having reviewed the parties' briefs, I am persuaded that the government is entitled

to judgment.  Although it is unfortunate that the government waited so long to raise this issue, plaintiff cites no authority that would bar the government from raising it now. Because plaintiff did not comply with § 893.54 and I do not believe that § 893.54 is preempted, I am granting the government's motion.

OPINION

A.  Waiver

The first question is whether the government waived any failure by plaintiff to comply with § 893.54 by failing to raise the issue in its answer.  As an initial matter, it is not clear whether the government *can* waive a statute of limitations defense.  "[S]tatutes of limitations in most suits against the federal government, including suits under the Tort Claims Act, are held to be jurisdictional. In any suit against the United States, the statute of limitations is an integral part of the government's consent to suit, and as such is an issue of subject matter jurisdiction that cannot be waived."  Crawford v. United States, 796 F.2d 924, 927-28 (7th Cir. 1986) (internal quotations and citations omitted).  Crawford involved the requirement to file a notice of claim in 28 U.S.C. § 2401(b) rather than a state law filing deadline, so the case is not directly on point.  Neither party addresses the question whether Crawford should apply in this case.  The government assumes that it cannot waive a statute of limitations defense; plaintiff assumes that it can.

I need not resolve this issue because, even if compliance with a state statute of limitations can be waived under the Federal Tort Claims Act, the general rule is that a

defendant may assert an untimely affirmative defense so long as the plaintiff is not unfairly prejudiced by the defendant's delay. Garofalo v. Village of Hazel Crest, 754 F.3d 428, 436-37 (7th Cir. 2014); Matthews v. Wisconsin Energy Corp., Inc., 642 F.3d 565, 570 (7th Cir. 2011). Plaintiff says that he was prejudiced by all the time and resources he has invested in this case. However, "the expense of conducting a suit does not count as prejudice; . . . 'prejudice' is a reduction in the plaintiff's ability to meet the defense on the merits—if, say, a witness has died, or documents have been destroyed, during the time between when the defense should have been raised and when it was actually raised." Global Tech & Trading, Inc. v. Tech Mahindra Ltd., 789 F.3d 730, 732 (7th Cir. 2015). Because plaintiff does not argue that the government's delay hindered his ability to respond to the defense, I conclude that I may consider whether the government is entitled to dismissal under § 893.54.

### B. Preemption

Plaintiff's alternative argument is that Wis. Stat. § 893.54 is preempted by the Federal Tort Claims Act notice of claim provision. 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."). In support, plaintiff cites Fisk v. United States, 657 F.2d 167, 170 (7th Cir. 1981), in which the court stated,

3

"[t]o avoid anomalous results as the result of geographic fortuity, . . . the federal statute of limitations, set forth at 28 U.S.C. s 2401(b) (1976), controls whether . . . a claim [arising under the Federal Tort Claims Act] is time barred."

In support of a contrary conclusion, the government relies on two cases, Augutis v. United States, 732 F.3d 749 (7th Cir. 2013), and Wenke v. Gehl Co., 2004 WI 103, 274 Wis. 2d 220, 682 N.W.2d 405. In Augutis, 732 F.3d at 752, the court reaffirmed the general principle that "the FTCA incorporates the substantive law of the state where the tortious act or omission occurred." Applying that principle, the court held that an Illinois statute of repose barred a plaintiff's claim because "Illinois courts have consistently construed the four-year [statute of repose] as a substantive limit on liability, not a procedural bar to suit." Id. The court rejected the argument that § 2401(b) preempted the Illinois rule. "The FTCA does not expressly preempt state statutes of repose, nor does it impliedly preempt state substantive law; to the contrary, it expressly incorporates it." Id. at 754.

In Wenke, 2004 WI 103, the court held that Wisconsin statutes of limitations are substantive rather than procedural:

> [I]n most states, a statute of limitation merely extinguishes the plaintiff's remedy. This, however, was not and is not the law in Wisconsin. In Wisconsin, we adopted the minority proposition that the limitation of actions is a right as well as a remedy, extinguishing the right on one side and creating a right on the other. . . . Under Wisconsin law, statutes of limitation [are viewed as] substantive statutes because they create and destroy rights.

Id. at ¶ 55 (citations and internal quotations omitted).

Putting Augutis and Wenke together, the government argues that plaintiff's claim is barred because § 893.54 is a substantive law and the Federal Tort Claims Act does not

4

preempt substantive state laws. I agree. I see no way to distinguish Augutis from this case. Fisk is not controlling because the court in that case was not considering a statute of limitations that had been construed as substantive by the state supreme court.

Plaintiff argues that applying a state statute of limitations to claims under the Federal Tort Claims Act "would lead to absurd and impractical results" in states that have a shorter statute of limitations because it could be impossible for a plaintiff to comply with both § 2401(b) and a state statute of limitations. Plt.'s Br., dkt. #72, at 6. In the event of an actual conflict, a plaintiff would have a stronger argument for preemption or tolling under the facts of that case. Hodgson v. Lodge 851, International Association of Machinists & Aerospace Workers, AFL-CIO, 454 F.2d 545, 548 (7th Cir. 1971) (tolling may apply under some circumstances to "substantive" limitations period). However, plaintiff does not argue that *he* could not comply with both § 893.54 and § 2401(b), so I need not decide that issue. Augutis, 732 F.3d at 754 ("[T]here is no conflict between state and federal law because it was possible for Augutis to have satisfied the requirements of both regimes.").

ORDER

IT IS ORDERED that defendant United States of America's motion for judgment on the pleadings, dkt. #58, is GRANTED. The clerk of court is directed to enter judgment in

5

defendant's favor and close this case.

Entered this 24th day of February, 2016.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge